IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OCT - 9 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

David Anthony Jones, Jr. a/k/a David )
Aziz Shabazz, )
    Petitioner, )
)
v. ) 1:09cv920 (GBL/IDD)
)
Daniel T. Mahon, )
    Respondent. )

MEMORANDUM OPINION AND ORDER

David Anthony Jones, a Virginia inmate confined at the Haynesville Correctional Center in Haynesville, Virginia, and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking the ability to earn good time credits. He has also submitted an application to proceed in forma pauperis. Because it is clear from the face of the application that petitioner is not entitled to relief in this Court, this petition will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254 Cases.[1]

I.

Jones was convicted of multiple offenses on November 21, 1990. He alleges that he filed two petitions in the Supreme Court of Virginia for habeas relief, which were both dismissed. In the instant petition, he alleges that a change in Virginia's statutes governing the opportunities to earn good time credits has violated his constitutional rights. Specifically, he claims that Section 53.1-32.1 of the Code of Virginia as applied to him violates the ex post facto clauses of the

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that a United States District Court may apply the Rules Governing § 2254 Cases to other applications for habeas corpus at its discretion. Under Rule 4, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

federal and state constitutions because the statute was enacted after his conviction. Though Jones's petition is unclear on this point, it appears that Jones refused to comply with a program assignment made by prison officials, and that under Section 53.1-32.1, which was enacted three years after his conviction, he may not earn good time credits as a result of this refusal. Jones appears to claim that the statutes in existence at the time of his conviction would have allowed him to earn good time credits notwithstanding his refusal to accept a program assignment.

## II.

It is readily apparent that petitioner's present action is subject to dismissal. The ex post facto clause prohibits laws that retroactively increase the punishment for a crime that has already been committed. U.S. Const., art. I, § 10, cl. 1; Warren v. Baskerville, 233 F.3d 204, 206 (4th Cir. 2000). A law runs afoul of the ex post facto prohibition if it disadvantages the offender and applies to events occurring before its enactment, thereby altering the legal consequences of a crime after it was committed. Woodley v. Dep't of Corr., 74 F. Supp. 2d 623, 631 (E.D. Va. 1999) (citing Weaver v. Graham, 450 U.S. 24, 30 (1981)).

The United States Court of Appeals for the Fourth Circuit has held that prison regulations may be subject to "reasonable amendments as necessary for good prison administration, safety and efficiency, without implicating ex post facto concerns." Ewell v. Murray, 11 F.3d 482, 485-86 (4th Cir. 1993) (citing Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991) (en banc)). In Ewell, the court distinguished Weaver and held that a change in prison regulations that did not result in any additional incarceration time for inmates who followed the new rules did not violate the Ex Post Facto Clause. The court noted, by way of contrast with the case before it, that the statutory change at issue in Weaver penalized even those inmates who obeyed the new law by increasing their time in prison. Ewell, 11 F.3d at 487.

The situation presented here is akin to that discussed in Ewell, not Weaver. Here, Jones would not be penalized under the new statute if he complied with the prison directive to join the program. He only faces loss of the opportunity to earn future good time credits because he deliberately refused to comply with the prison directive. Therefore, following Ewell, the ex post facto clause is not implicated.

### III.

For the foregoing reasons, it is


ORDERED that this petition for habeas corpus relief be and is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing § 2254; and it is further

ORDERED that petitioner's Motion for Leave to Proceed In Forma Pauperis (Docket #2) be and is DENIED as moot.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil case.

Entered this _9th_ day of _October_ 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge